**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Kielsmeier, | No. CV-16-08176-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Penske Truck Leasing Company Limited Partnership, et al., | |
| Defendants. | |

Pending before the Court is Defendants' unopposed Rule 42 Motion for Separate Trials on Liability and Damages. (Doc. 21). Defendants seek to bifurcate liability and damages into separate trials. (*Id.*) Defendants request oral argument on this issue. (*Id.*) Plaintiff failed to respond within fourteen days, which this Court treats as consent. *See* LRCiv 7.2(c), (i).

This Court may "order a separate trial of one or more separate issues" "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). This grant of power affords the Court with "broad discretion" in deciding whether to bifurcate a trial. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Defendants make four claims supporting their request for bifurcation. First, Defendants claim that bifurcation will protect them from prejudice, because Plaintiff's damages case will involve evidence of allegedly graphic injuries, which could inappropriately influence the jury on the issues of liability. (Doc. 21 at 4–5). Second, Defendants claim that bifurcation will serve to economize, because liability is a

dispositive issue that could obviate the need to delve into the relatively complex medical testimony that Plaintiff allegedly intends to put on at trial. (*Id.* at 5–7). Third, Defendants claim that bifurcation will not cause any delay or duplicative litigation, because the evidence on liability and damages is entirely distinct. (*Id.* at 7–8). Fourth, Defendants claim that separate trials will not prejudice Plaintiff, because Plaintiff will still be afforded a jury trial on both issues and bifurcation will not cause delay or duplicative litigation. (*Id.* at 8).

This Court agrees with Defendants. However, liability and damages will be bifurcated into separate trials, but to the same jury. If the jury returns a liability verdict for Plaintiff, the damages trial will immediately proceed.

Finally, because Defendants' motion is unopposed and no related issues are pending, Defendants' request for oral argument is denied.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Rule 42 Motion for Separate Trials on Liability and Damages, (Doc. 21), is **GRANTED** in part. Accordingly, the Court orders separate trials to the same jury on the issues of liability and damages, with the damages trial to run immediately after the jury renders its verdict, if they find in Plaintiff's favor.

**IT IS FURTHER ORDERED** that Defendants' request for oral argument on bifurcation, (Doc. 21), is **DENIED**.

Dated this 28th day of September, 2017.

James A. Teilborg
Senior United States District Judge